IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **BRIAN EDWARD LEATH** | § | |
|     **Petitioner** | § | |
| | § | |
| VS. | § | C.A. NO. C-06-276 |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **DIRECTOR, TEXAS DEPARTMENT** | § | |
| **OF CRIMINAL JUSTICE–** | § | |
| **INSTITUTIONAL DIVISION,** | § | |
|     **Respondent** | § | |

## ORDER DENYING MOTION FOR LEAVE TO AMEND

Petitioner filed a motion for leave to file an amended petition on October 20, 2006 and attached a copy of the proposed petition (D.E. 18, 19).  In his original petition (D.E. 1) petitioner asserts that his due process rights were violated by prison officials in a disciplinary proceeding when he was found guilty of the disciplinary charge even though there was insufficient evidence to support such a finding.

In his proposed amended petition, petitioner asserts that (1) The notice he received did not set out the essential elements of the offense with which he was charged; (2) The evidence was insufficient to support a finding of guilt because it failed to establish ownership of the property in question; (3) TDCJ-ID failed to hold the disciplinary hearing within seven days of the date the offense was reported; (4) The infraction was processed without a preliminary investigation being conducted within 24 hours of the time the alleged offense was reported and (5) Petitioner was not given a copy of the officer's report prior to the hearing, which deprived him of the right to present relevant evidence in his defense.

Petitioner's first two arguments are part of his original petition and will be addressed as part of the analysis of the motion for summary judgment pending in his case.  Petitioner's last

three arguments do not raise constitutional claims cognizable on habeas review.  See  Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996)(prison officials' failure to follow prison's own policies, procedures or regulations does not constitute a violation of due process if constitutional minima are nevertheless met)(citing Giovanni v. Lynn, 48 F.3d 908, 912 (5th Cir. 1995); Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) and Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). Accordingly, petitioner's motion to amend his petition (D.E. 18) is DENIED.

ORDERED this 9th day of November, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE